The next case for argument is Appeal No. 22-1943, Copan Italia Spa v. Puritan Medical Products Company LLC. Counsel for Appellant is Mr. Hume. I'm so used to it. Five letters, I've never given so much trouble. Sorry, silent L. Mr. Hume, you can proceed. Thank you, Your Honor. May it please the Court. James Hume for the Puritan Parties. This concerns the PrEP Act immunity and is a case of first impression. In this case, the district court committed a fundamental legal error that then led it to some erroneous conclusions on the law. And the fundamental legal error was that the fact that the P3 swabs that Puritan makes are a covered countermeasure was not disputed before the district court in the briefing on the motion to dismiss. Copan never contested that. It never contested that the Air Force contract had been issued to Puritan, and it never contested that there were emergency use... The district court isn't limited to just what the parties choose to dispute. Doesn't the district court have discretion to say, I would like a more extensive factual record, I have fact concerns, before it reaches what may be a difficult statutory interpretation question? Your Honor, not in this case, because there is something called the party presentation principle, and we cited the Supreme Court case in our brief, U.S. Shingang there, where the court held that normally courts take the issues presented by the parties and do not go beyond them. They're not a roving commission to go to side issues, particularly in this case, where there was actually a motions hearing set on the motion, which the court canceled a week or so before it was set. Had we had that motions hearing, there would have been an opportunity if the court had questions about these issues. You're not saying it was an abuse of discretion to cancel the motions hearing and decide this on the papers, are you? When the court went beyond what the parties had litigated and decided issues that weren't in dispute, I think it does rise to abuse of discretion under that party presentation principle that we cited in our brief. Especially here, where the contract and the fact that this was a covered countermeasure were not contested in any way before the district court. I mentioned that there was emergency use authorization, but I thought that the letter didn't focus per se on your company. Can you speak to that? There are others out there, Your Honor, that this court could take judicial notice of. As I say, if it had come up at the hearing, we could have pointed to it. It specifically lists Puritan on the FDA website and has the Puritan stock numbers. Again, it wasn't disputed because there was no reason to dispute the fact that these swabs were being used around the country for the COVID test kits. This all sounds like matters that the district court should be deciding in the first instance. My concern, going to appealability, is are we stuck with the task of looking at letters that were not found by the district court to support your position on the merits, as opposed to having the district court find in the first instance that those letters either do or don't support your position. It feels like something to me that the district court really ought to be given an opportunity, and perhaps even required, to make the requisite findings to go yea or nay on the question of immunity. This district court has not ruled, as I see it, on the question of immunity. It simply ruled that it has not yet been established, anticipating that there will be more evidence on that question. Is it not? That is why our alternative request for relief is a remand and ordering that this be handled. Right, but it presumably will be handled by the district court, regardless of whether we find jurisdiction or not, if we send it back for that purpose, after having found that we have jurisdiction. But the first question is, do we have jurisdiction? And under a case like Johnson against Jones, it seems to me that this case has significant factual uncertainties in it that doesn't really fit nicely within the Mitchell against Forsyth type line of cases. Does it? Well, I think the recent Hampton decision, which we filed a Rule 28J letter from the Ninth Circuit. I've read Hampton, but Hampton specifically says, and this seems to me as critical, Hampton says that the district court, let's see, I have it here, the district court made a determination with respect to the issue of immunity. That has not happened in this case. Right, and we submit that is one of the erroneous rulings by the district court, because immunity, as the Ninth Circuit pointed out in this case for the declaration here, it's not just immunity from damages, but it's immunity from suit. And it's a very rare form of statutory protection. And when it does exist, the case law is almost uniform. It's to be determined early in a case, because otherwise the immunity is questionable. It was Johnson v. Jones, though, that Mr. Bryson or Judge Bryson pointed to. Well, I go back to the fact that it was not disputed before the district court on the record that the P3 swabs are a covered countermeasure. And there's no legitimate basis on which that could be disputed. In fact, I think the Fourth Amendment that the district court did cite makes it very clear that there's several ways in which it's a covered countermeasure pursuant to the contract. And if you recall, this was an all-hands-on-deck situation back in spring of 2020 with the government just scrambling to use the Defense Authorization Production Act to get devices like this into production. And thus the Air Force was designated for the purpose of contracting. And the Air Force had agreed that these were covered countermeasures in the contract itself. So there is a record here. You don't take the position, do you, that the district court has fully and finally decided immunity question against you? No. By failing to decide it, that's an effective denial of immunity from a suit. By failing so far to decide it? You don't think the district court has said, I don't want to hear any more from you on this question? No, he did not say that. I didn't think so. So he's presumably willing to hear more from you on this if you have more to offer and ultimately may find that you have established a ground for immunity, right? But instead you've come to us. It just seems like we're not well equipped to make these kinds of factual determinations without having a ruling, a definitive ruling from the district court. That's my problem with appealability. And that's why, as I say, as an alternative, we asked for a remand with an order that would be bifurcated so that this immunity issue can be decided first before there's any further discovery because we have, frankly, Copeland knocking at the door and wanting to take discovery on the P3 swabs. And that by itself is a problem when you have immunity from that. I do want to speak more to what's going on in the district court. So my understanding, right, is it currently state pending appeal? Is that accurate? Yes, it is. But isn't there also something in terms of an order where there's going to be some discovery that's going to take place since maybe 2020? Can you speak more to what the court has planned in the district court? But for the appeal, discovery would have started. And as I say, Copeland was intent on taking discovery about these P3 swabs and where they're manufactured and things like that that we think would effectively Is the discovery going to relate, though, to this PREPT Act issue? Well, I don't know, frankly, what there is to discover on that because it's very clear, as I said, that there are FDA emergency use authorizations that name the Puritan swabs. This court could take judicial notice of them. It's not really an issue that they're on the FDA website, and I think they are the types of facts the court would be empowered to do that. It's not really an issue that will require much in terms of litigation because it's not subject to a genuine dispute. These swabs are clearly a covered countermeasure and have been a covered countermeasure on the declaration that the secretary has issued and has modified a number of times. And, in fact, if you go to the HHS website, it's pointed out the purpose of this declaration is to provide immunity. That's the whole purpose. I understand your distinction between immunity from liability and immunity from suit, but it seems to me at best for you, your immunity from suit is being somewhat eroded. It has not been conclusively rejected. If we just said we don't have appellate jurisdiction, nothing stops you from asking the district court, which I don't think you did yet, for essentially the bifurcation. Ask it to stay everything but focus on your immunity issue first. If you're denied that, you still have a chance at summary judgment. I grant you every day that you have to litigate, arguably as some erosion of your immunity from suit, but is it really depriving you of your immunity from suit? I think the immunity from suit, the essence of it is you should not be in court having to respond to those things and doing that. So I think it is an effective denial. It's not a complete denial, but as your honor knows, discovery is probably the most expensive, burdensome part of litigation. And to remove that part of the immunity effectively strips away a major portion of your immunity. Did you in fact ever ask the district court, if you have fact concerns, let's resolve those and put everything else on hold, or did you just come file an appeal? No, we came to here and to the D.C. Circuit because of the statute that indicated that a D.C. Circuit appeal was available,  and there was no relief from the district court initially. We decided that it was an issue of first impression that really required appellate review. Well, there are a lot of issues of first impression that need to start at the district judge. Let me ask you this. Please go ahead. It's just the point being, since these issues were not contested before the district court, and there's really no legitimate basis in which the status of the P3 swabs as a covered countermeasure could be contested. That's why they weren't contested. It's not a contestable issue. That's why we thought it made sense to come here, because it was coming up on an appeal with a record where the issue wasn't preserved. In fact, I think it's been waived by COPA by not challenging it in their briefs. In terms of the other issues that they've raised, I do think that the Hampton case does go through the three factors, and we meet them here. Obviously, we're not talking about the patent claims at all. The immunity has nothing to do with the patent claims themselves. That satisfies the second factor. PREP Act is clearly complete immunity, and as I indicated, if we wait and have to participate in discovery, that's effectively, as Copan indicated, a denial of a major portion of the immunity here, the immunity from the lawsuit. There's really no legitimate issue that the Act is unconstitutional, and those were the issues that actually Copan preserved or raised in response to the motion to dismiss Four issues they had were that the Act was unconstitutional because it took away patent rights, but these patents all issued long after the PREP Act was on the books, and Congress clearly has the power to condition patent rights in any way they want to. They also... Condition patent rights is one thing. To revoke the property right that is already vested seems to me to be rather... Well, I do not believe it vested in that sense since the statute was there and indicated that there could be a suspension of the patent rights, essentially, and any loss that was accrued would not be recoverable because of the PREP Act. I think that's entirely permissible, and when the patent issues, it issues in view of all of the other federal statutes that Congress has enacted, so there's not a due process for taking issues here. But if there were, COPA has a remedy to go to the Court of Federal Claims and pursue that if they wish to, so I think that's where that would be. I just want to briefly talk about loss because I think that is important in terms of the statute. President Biden, when he was a senator, when this statute was enacted, termed the claims for loss language staggering in its breadth. It's any type of loss, and clearly the statute anticipates that there would be economic injury, personal injury, and it's an extremely broad definition of loss that certainly would embrace the damages that are claimed in this case. This court and the district courts have routinely described patent damages as a form of loss, and in fact the statute says that there is a sole exception to immunity for death or serious physical injury approximately caused by lawful conduct. So I think there's no doubt that the claims here are subject to vital loss. So we think because the record was not disputed below, that the district court's decision should be reversed and the case should be remanded in order to enforce the statutory immunity, or at a minimum, district courts should be ordered to bifurcate and resolve that first before anything else happens in the case. Counsel, you're a volunteer abode. Do you want to save the... No, I will preserve the rest and sit down now. Thank you. Mr. Newman? Yes, Your Honor. May it please the Court, Michael Newman on behalf of Plaintiff Appellees Copen Italia and Copen Diagnostics. I'd like to start with the legislative history that was just mentioned, and in particular a statement that was made in reply by Puritan with respect to the legislative history in which they accused Copen of misrepresenting the legislative history where we had argued that PREP Act had nothing to do with the patent damages at all and was encouraging innovation actually like the Patent Act. In their brief on page 15, they quote Senator Hatch as saying, And that statement struck me as a little strange because there was nothing in the PREP Act that I could see that had anything to do with patents or intellectual property or tax for that matter. I saw only civil liability. And this was a statement from Senator Hatch who's long been a strong proponent of patent owner's rights as we see from Hatch's Waxman Law. So taking a look further at that statement Senator Hatch went on to say And so what were those intellectual property and tax provisions? They were tax breaks for those individuals and companies that were working in a space to try to prevent pandemics. Well, that case had been conclusively decided by the lower court which held that PREP Act immunity did not apply. Well, here it seems it's been at least implicitly, conclusively decided that Puritan does not have immunity from discovery with respect to the P3 factory. That is, it's immunity from suit seems to have been conclusively decided, at least in effect, against them. I disagree. I don't think that's been a conclusive decision at all. We're in a 12B6 posture here, not a Rule 56 posture. So all that needs to have been done is that COPA needs to have stated a claim for which relief can be granted. We did that. It's undisputed. That's why this is only a partial motion for summary to dismiss. So at the 12B6 stage that's what we look at. We look at the pleadings. Did we state a claim? We did. And it's their burden then to come forth What is your response to opposing counsel's statements about all these facts are undisputed? Can you at least address that as well? Sure, the facts aren't undisputed Did you say R or R not? I'm sorry, I looked away. The facts are disputed. In our moving papers below, it's at appendix 4344, 4345 Kopin says, at the very least, we need an opportunity to discover information about the alleged defense and alleged immunity with respect to the P3 facility, which of course we do, because not all flock swabs are going to be covered countermeasures. But you did not oppose the motion to dismiss on the grounds that there are factual disputes, did you? We did oppose. It's the last section we opposed by saying we need discovery on this defense. Is that this 4344, 4345? That's right. So when Puritan characterizes this as you only opposed on statutory interpretation and constitutional grounds, you say that that is factually inaccurate? That's factually inaccurate. On appendix 4345 we say Kopin has clearly stated a claim for which relief can be granted and at a minimum should be allowed to explore the factual basis for Puritan's new allegations regarding government authorization. Where do you dispute the covered countermeasure issue? Well, the covered countermeasure, there's a number of things. First of all... No, no. But where did you dispute prior to the district court's opinion that the P3 flock swabs were covered countermeasures? We said we don't know if they're covered countermeasures or not. Where did you say we don't know? We said we need additional discovery. Where did you say that? On these two pages? On those two pages. We said we can't tell. That's the problem on a So we should read 4344 and 4345 as you disputing whether the flock swabs from the P3 factory were a covered countermeasure. Definitely. We don't think all flock swabs from P3 are going to be covered countermeasures. In fact, there needs to be an administration to or use by an individual before they become... Do you dispute that at least some flock swabs from P3 are covered countermeasures? I don't know. In the record before us, we don't know the answer. You don't know whether you disputed it? That was the question. We do dispute. But with respect to Judge Stark's question, did you and do you dispute that any of them are covered? That they're all not covered? I'm not sure I understand that. Well, in other words, are you taking the position that they are all not covered? We're taking the position that Puritan has not brought forth any evidence to suggest that any of them are. We don't have a single use or administration which is necessary for a covered countermeasure. But it's a motion to dismiss what gives rise to their need to present evidence and again, where did you... Maybe this is a separate question. The district court raises fact disputes that I don't see that you raised. Tell me if you agree or disagree with that. The district court just dug a little bit deeper into the contracts which is perfectly appropriate. It doesn't rise to the level of the Sing Sing case that was cited. In that case, the district court had made a decision on the law and then the appellate court had asked three different amici to opine on different areas of law that were not even raised below. This is the area of law that was raised below. There's not enough discovery for us to tell. That was the area of law that we raised. Maybe just ask it slightly differently. It sounds like you're saying you made a blanket statement that there were factual disputes. But then the district court in your opinion, identified exactly what some of those areas were that needed to be explored but maybe you did not in your opposition? I would say that's fairly accurate. We raised that there were factual disputes. The court found, agreed and identified a few. And there's more than the ones that are identified. These swabs as admitted in Puritan's briefing, these swabs can be used for forensics. They can be used for any number of things. Not necessarily all treating COVID. It could be used for testing the flu, strep throat. There's a wide range of different uses that are not necessarily going to be covered countermeasures with respect to these swabs. So that's why we need discovery into the facility. Can you confirm for me about the emergency use authorization? My understanding was at least the information that was provided to the district court didn't even relate to the actual company. But now I'm hearing something different or argument that is all very clear. Can you just speak to that a little bit? As to whether there was an authorized use? Is the emergency use authorization information that is before the district court specific to that company? Or was it for a different company and just more general? I'm trying to understand. That's right. That did not identify Puritan. Did not identify Phlox swabs. It didn't identify the P3 facility. It was for a Minnesota company that had testing for COVID that was developing tests or was actually doing the tests for COVID. So it doesn't have anything to do. We don't get any information about whether or not any particular swab from Puritan's P3 facility was actually administered to or used by or has any emergency use authorization at all. We have to state a claim. If they brought a Rule 56 motion, we would have been able to file a Rule 56F affidavit saying that there wasn't enough information. We would have done that. But not at the 12B6 stage. We've stated a claim. It's clear that we have stated a claim. It's their burden to show that we haven't and they haven't done so. The party presentation principle has been mentioned. Is your response to that just these last two pages of your brief? We did raise or we did enough to raise these fact disputes. So this was not the district court coming up with an issue that was not a dispute. Right. The party presentation has to do with legal matters. The parties don't bring up if there's a legal matter and the district court finds that that legal matter wasn't supported by the evidence, it absolutely has the power to do that. Even if the parties were to agree there is sufficient evidence, please just decide the legal question. Would you go that far? If the parties agreed, then I would say that no, the court wouldn't. On its own wouldn't have to do that. Do you need us to find that these two pages in your brief actually put in dispute the factual questions that the district court denied the motion on? Let me put it another way. You would have to find that we agreed and we didn't. Right. We did not agree to the idea that there was enough evidence to support their allegations. We did not agree to their allegations with respect to any facts that were brought before us. Can I just try again? I know you already answered it but I'm still struggling with the immunity from suit point. If it turns out at the end of the day, I know life moves in one direction, but when we look back, if it turns out that they're absolutely right, they're immune here, the P3 will never be the source of any liability. Congress said they're immune from suit. If it were to turn out that they went on immunity in the end, won't it also be, sadly, in retrospect, they were deprived of their immunity from suit because the district court, for whatever reason, did not decide this question at an early stage in the case? No, I think that's incorrect. Under the Supreme Court precedent, Will v. Halleck, there has to be some particularly pressing interest that's important and completely separable. There's three aspects of the collateral order doctrine, whether it's been conclusively determined below, which already it hasn't been, so we don't have jurisdiction here because this is not a court of first impression. Secondly, it has to be an important issue that's completely separable. Will v. Halleck shows that this needs to be a pressing public interest. All we're talking about here is which spreadsheet we use, how many flock swabs are going to be actually subject to the reasonable royalty calculations. That's enough. It's not that important because it can be dealt with after final judgment. But this argument you're making now is in conflict with Hampton, right? Because Hampton said PREP Act determinations of PREP Act immunity are within Cohen as long as there's a determination by the district court of whether it's yes or no with respect to the immunity. The argument you're making now seems to me to be flying in the face of what Hampton says. I think that there are situations in which there will be PREP Act immunity that should be ruled on very quickly. For example, if a doctor is treating and is going to be subject to not being able to exercise his discretion or her discretion, then maybe there's a situation. But that's not the situation here. We've got a patent claim. It's not inextricably this is not a completely separate issue. It's almost like a licensing defense where we wouldn't be here in front of you on an interlocutory appeal based on the licensing defense denial. That's all there is to this when it's a patent suit. Just numbers that can be cured with monetary situation at the end of the appeal. Except that the PREP Act, to the extent let's assume for a moment that it does apply to patent infringement. The PREP Act does talk in terms of immunity from not only damages but suit. And by the time the PREP Act was enacted, that formulation, that verbal formulation was very well understood to mean immunity in the Harlow, Mitchell, et cetera line of cases. So to say, well, this isn't all that important, it seems that Congress at least thought it was. Well, most of the cases that we see talking about immunities, there has been some discovery on whether the immunity applies. That's why most of them are being disposed of at the motion for summary judgment stage. So immunity from suit doesn't mean that you can just come and claim some sort of immunity without any discovery. You have to establish your right to the immunity and that involves some degree of suit and therefore you're not entirely immune from suit, is your argument, I take it. That's right. And especially in a situation here where everything's going forward anyway and all we're doing is an accounting exercise at the end that can be dealt with upon final judgment. I don't want to see this go back down. Let's say we find that there's no jurisdiction in this court and it goes back to the district court. Have you agreed to address this PREP Act immunity issue first? Has that been raised? Can you speak to that? It hasn't been raised but there was discovery set to take place and we were supposed to go to trial within three months and that discovery was supposed to take place. We already had discovery requests served. We were ready to move quickly. Now it's been a year and a half that we've been caught up in the appeal. Discovery requests focused on PREP Act immunity? I'm just wondering, let's say it goes back. Is this going to be put on the back shelf or is this going to be front and center? I'm trying to get a sense of where that stands. If it goes back, Your Honor, I think I'm out of time but to answer your question, it will be front and center. We would get the discovery that we need in order for them to for us to refute their defense. Their defense of immunity? Their defense of immunity, that's right. We're concerned with, I think, is this issue of immunity going to be decided initially and discreetly from the merits of the patent infringement action? If you are right that they are subject to have to bear the burdens of the lawsuit in order to establish their right to immunity, that doesn't mean that that question can be put off while there's a lot of discovery that goes on with respect to the ultimate question of liability. So what my concern is, at least I think shared by the other members of the panel, is if we say we don't have jurisdiction, does that mean that is the district court going to attend to this issue of immunity promptly and prior to going into full discovery on the merits of the infringement action or not, in your view? In my view, this is the only thing left. Discovery is closed in the case. Because prior to this stay for the pandemic, you had pretty much finished discovery? Everything. Expert discovery was done. Fact discovery is done. The only thing left is whether or not there's this immunity. And the court can rule on that as quickly as it chooses. For some reason I thought expert discovery was still left to do. You should know, obviously the parties are in the case. Hopefully you guys will be able to confirm that. It's been so long, Your Honor, since we were dealing with this case. It's been five years pending. But it sounds like you're saying your client would have no objection to putting this issue front and center and deciding it before any other issue that may have to be resolved. Is that right? We would have no problem with that. I would hate to see a denial of a motion for summary judgment on either side, whether we win or whether we lose. I would hate to come back here and be in front of you again after another year of appeals because it's just not an issue that should be subject to collateral order one way or the other. Do you oppose, if we were to find we have an appellate jurisdiction, do you oppose us remanding with instructions that apparently your client would be fine with anyway, but instructions that the district court has to prioritize this immunity question? That's sort of the alternative relief as I understand it. Prioritize or bifurcate? Prioritize I agree with. Bifurcate I suppose means stay everything else. Which would be completely inappropriate. But adjudicating this quickly is we have no problem with that. Thank you for your indulgence of the extra time. You can restore three minutes. Thank you, Your Honor. To answer your question, the district court had set this case for trial. There have been no expert depositions. There's still discovery to do and the discovery that Copin was seeking was going to the merits of P3. There was no discovery Just to clarify, counsel, it's fact discovery that's closed but there's still ongoing expert discovery. And this discovery on P3 was directed toward the merits of the P3 claims. It wasn't directed toward the immunity issues at all. So there are no pending discovery requests specifically related to the PREP Act immunity issues? As I understand it, not. And fact discovery reopened. Actually, Mr. Anderson advised me that fact discovery had reopened. And they were down on the P3, the merits of discovery there, number of swabs sold, how they're made, and things like that that go to the patent claims, not to whether they're a covered countermeasure or not. So that's the problem here. I would point out that the statute specifically says, and this is in Part 4, in the case of a covered person who is a manufacturer or distributor covered countermeasure involved, the immunity applies without regard to whether such countermeasure was administered to or used by an individual in accordance with the conditions described in Paragraph 3C. In other words, this whole argument that Cook makes, you need... I just want to ask a clarifying question on the fact discovery point. So my understanding, at least from I think the text of an order that's in the district court, is that the reopening of fact discovery at least in part related to any new affirmative defenses raised by the defendants? Is that accurate? I'm just trying to understand... I can confirm with Mr. Anderson. That's fine. Yeah, there was full discovery on P3 after we resumed. So it was... That's what was ordered but then you agreed to a stay. Yes. Yes, for P3. I'd also point out the statute has a rebuttable presumption that the Copen has not dealt with. For purposes of Paragraph 1 there shall be a rebuttable presumption that any administration or use during the effective period of the emergency declaration satisfies the conditions of the declaration. And that means the amount of discovery that would be needed would be nil. But that goes to the point where they didn't contest this. If you look at Appendix 43-24, the Table of Contents, it's just not there. 43, 44, and 45. Well, that's the paragraph or two at the end which is sort of a general argument. So it's not addressing that. Why did that not reasonably put within the district court what was presented to the district court? Hey, we Copen, we do not agree that Puritan is right on the facts. Because if you look at the actual argument that they made in their opposition, they did not argue that the SLOBs are not a covered countermeasure. They argue at 43-44. Puritan's motion to dismiss is highly factual. It's based on certain alleged facts that were not used to support the amended complaint. In such situations, it's proper to deny a motion to dismiss. And I think that goes back to the arguments they made that the claims are not caused by administration to or used by an individual of a covered countermeasure. They didn't argue that it wasn't set up as a countermeasure. So you concede that fact dispute was fine for the district court to deny the motion on the basis of? Except that the statute says that's not a fact dispute. The section I just read that said that it doesn't matter whether it's actually administered or used to an individual. That's right in the statute. So the arguments they made were legally insufficient. And I submit that if you look at their brief, the facts they were arguing were these administration and use arguments. But nowhere do they ever argue that this was not a covered countermeasure. Bottom of 43-44 onto 45. Pursuant to the court's recent order, Koppen has propounded discovery requests that Puritan has not yet answered regarding contracts related to the P3 facility that have not yet been produced. Koppen has clearly stated a claim for which relief may be granted at a minimum should be allowed to explore the factual basis, the factual basis for Puritan's new allegations regarding government authorization to practice Koppen's patents. That seems to encompass covered countermeasure, does it not? It doesn't. Nowhere have they ever said that it's not a covered countermeasure. And I don't think that... Nowhere have they ever said they agree with you that it is, have they? They didn't. They never said they agreed that it was. But I think... How can it be outside the district court's discretion to say there's a fact dispute on whether they're covered countermeasures? Because we think under the statute and the way it was enacted, we're clearly a covered countermeasure. The Air Force contract recognizes... So that's asking us to sit as fact finders. My question is how is it an abuse of discretion for the district court to say I have a fact dispute on covered countermeasures when by your own agreement they never agreed with you that the P3 are covered countermeasures? I think given that we argued that they were covered countermeasures, their absence and their silence and not contesting that is a concession. At a minimum... basis for Puritan's new allegations regarding government authorization to practice Copin's patents. How is that not putting it at issue? I think that goes back to the actual arguments they made, Your Honor, in the substantive brief. If you look at the table of contents on 4324, you will see that they make arguments that are allegedly based on some facts used in administration. I think that's what they were arguing for. But at a minimum, out of fairness, to us, if they were going to contest that it was a covered countermeasure, they should have said so. Out of fairness to the district court, silence on this point I think should be taken as admission that they conceded that these were covered countermeasures. Given the thrust of our motion, if that was going to be contested, they would have said so. And therefore we think that the case should be reversed, but at a minimum bifurcated discovery, so we're not getting into the merits of the P3 claim, limited to whatever factual issues there really are on the declaration, which we believe would be extremely limited in this case given the statutory structure here. Thank you. Thank you.